This case is sufficiently stated in the opinion of the court delivered by
Hokxbloweu, O. J.
The question presented to the court, in this case, is whether a sheriff is entitled to retain centage on the whole amount of sales made by him on execution, where the property sells for-more than enough to satisfy the execution; or whether he is entitled to centage only on the sum actually raised for the party, in whose favor the execution is ?
By the act to regulate fees, passed the 13th of June 1799 \_Rev. Laws 488,] the Sheriff was allowed, “for serving every execution, if for one hundred Dollars or less, one dollar; and if above that sum, two cents on every dollar, to be computed on the amount of the debt, or damages, paid, or secured to the plaintiff.” This allowance being considered too liberal, where the execution was for a large amount, the legislature by the 6th sect, of an act passed the 12th Dec. 1823, enacted, that where on any execution, a sale should be made, the officer should be allowed “ on the amount of sales,” on any sum not exceeding 1000 dollars, two per cent. “ on the amount;” and if the amount of sales “ should exceed 1000 dollars, “then one per cent on such excess.”— To this however, is added, a proviso, that in all cases where the execution shall be settled between the parties, without actual sale, the officer shall be allowed on the debt, not exceeding 1000 dollars, one per cent, and if the debt exceeds 1000 dollars, “ then one half per cent,” meaning no doubt, one half of one per cent. Thus the law stood, until the 19th of February, 1830, when by an act then passed, (lluer. Comp. 298.) this section was repealed ; but a new one was passed, substantially the same, changing only the form of expression, in some particulars and correcting the error in the former act, which gave the officer in certain cases, “ one half per cent.” instead of one half of one per cent. In this case, it seems, the premises levied on, were of such ; character, that they could not be severed and sold in parcels and being of much greater value, than the amount of the debt to be raised on the execution, they sold for several thousand dollars more than was necessary to satisfy the same.
Now it is most manifest to me, that the legislature never inten *22 ded to give the sheriff or other officer, a commission for sales over and above the amount required to satisfy the execution. It is evident from the language of the proviso, as well in the act of 1823, as in the act of 1830, that the Legislature contemplated a commission only on the amount raised for, or secured to the party in whose favor, the execution issued —such indeed I should hold to be the meaning of the act, even if there were no such proviso clause contained in it. The language of the fee bill, passed in 1799, (Rev. Laws 488,) is two eents on every dollar, to be computed on the amount of the debt or the damages, paid or secured to the plaintiff.” The object of the act of 1823, as indicated by its title, was “to reduce fees and costs of suit” — and the act of 1830, now in force, is a “supplement” to that act. But the effect of the construction contended for by the Sheriff, would be, in all cases, when there happens to be an excess of sales, greatly to enhance the costs. It is true, the sheriff must receive, and respond to the defendant in execution, for the surplus money, or bring the same into court, when required to do so; and this casts upon him, some burden and may expose him to some risk, but we cannot on that account, suppose, that the legislature meant to offer him a premium for selling more of a defendant’s property, than was necessary to satisfy the claim. It may indeed, sometimes happen, as in this case', that the property is indivisible, and must be sold entire; and when that is the case, and the sales exceed the sum required, we can only say to the sheriff, you took upon you the office cum onere.
Let commissions be allowed only on the sum raised for the plaintiff
Eojkd and Ryeeson, Justices, concurred.