CARTERET SAVINGS & LOAN ASSOCIATION, F.A., A FEDERAL-
LY CHARTERED SAVINGS & LOAN ASSOCIATION, PLAIN-
TIFF, v. BURTON R. DAVIS AND MOZELL Y. DAVIS, HIS
WIFE, THE MONEY STORE, FIRST NATIONAL BANK OF
NEW JERSEY, RUTGERS MINORITY INVESTMENT COMPA-
NY, AND THE STATE OF NEW JERSEY, DEFENDANTS-
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1985—Decided March 26, 1985.

Before Judges McELROY and DREIER.

*Steven Kropf* argued the cause for appellant Constance Silakoski (*Marvin Feingold,* attorney; *Steven Kropf,* on the brief).

*Sanford J. Becker* argued the cause for respondent The Money Store (*Zucker, Goldberg, Becker & Weiss,* attorneys; *Jeffrey M. Beck,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

The successful bidder at a sheriff's sale following the foreclosure of a first mortgage has appealed from an order of the Chancery Division permitting redemption of the property. The court held that the owner of the subject property, who had acquired title at a prior sheriff's sale held after the earlier foreclosure of a second mortgage, possessed an equity of redemption which could be exercised until delivery of the sheriff's deed, thereby redeeming the property from the lien of the first mortgage.

Plaintiff, Carteret Savings & Loan Association, held a first mortgage on the subject property to secure an indebtedness of $56,000. A second mortgage, securing an $11,000 indebtedness, was executed to Modern Acceptance Corporation which in turn had assigned the mortgage to The Money Store. The Money Store foreclosed the second mortgage when the mortgagors

defaulted upon the second and all subsequent payments. The mortgagors were adjudicated bankrupt. The Money Store filed its foreclosure complaint some 13 months prior to filing of a similar complaint by plaintiff, the first mortgagee.

As the holder of a prior lien plaintiff was not a defendant in the second mortgagee's foreclosure action, but The Money Store was a defendant in the first mortgagee's later action. Inexplicably, the first mortgagee obtained judgment before the second mortgagee, but the sheriff's sale thereon was postponed at the request of the second mortgagee, which was permitted to proceed to sheriff's sale on July 13, 1983. The Money Store was the successful bidder at the sale and assigned its bid to a subsidiary, Major Brokerage Co. Inc. Approximately eight months later plaintiff held its foreclosure sale, but due to a scheduling problem a representative of Major Brokerage Co. Inc. was unable to attend the sale. The high bidder at the sale was Constance Silakoski (appellant here) who paid a deposit at the sale and thereafter paid the balance to the sheriff's office. The representative of Major Brokerage Co. Inc. tendered the redemption amount to the sheriff on March 19, 1984 (actually 12 days after the sheriff's sale, but the 10th day fell on a Saturday).

Since an issue was raised as to whether the right of redemption could be exercised by one other than plaintiff's original mortgagor, Major Brokerage Co. Inc. obtained an order directing plaintiff, the sheriff's office and Constance Silakoski to show cause why the sheriff should not be directed to accept the redemption funds from Major Brokerage Co. Inc., The Money Store's assignee. Upon the return of the order to show cause, Judge Cohen held that the 10-day period fixed by *R.* 4:65–5 has the purpose of protecting against forfeitures and found "no reason to rule that the extended right to redeem does not apply to a fee title holder in The Money Store's position equally with the original mortgagor/owner."

*Rule* 4:65–5 establishes a 10-day period for objections to a foreclosure sale. *Hardyston Nat. Bank v. Tartamella,* 56 *N.J.* 508, 513 (1970) held that the right of redemption from the foreclosure judgment or even the sheriff's sale extends during the 10-day period established by *R.* 4:65–5, and until an order confirming the sale if objections are filed. *See also Mansfield v. Hammond,* 117 *N.J.Eq.* 509, 510 (E. & A.1935).

In *Lobsenz v. Micucci Holdings Inc.* 127 *N.J.Super.* 50, 51, 54 (App.Div.1974), this court determined that the right of redemption is transferable by the owner and that a transfer of the redemption right carries with it the right to redeem within the 10-day period fixed by *R.* 4:65–5. The issue here, one of first impression, is whether these same rights are automatically transferred to the successful purchaser at a sheriff's sale held upon foreclosure of a junior lien.

The purchaser at any foreclosure sale acquires the rights of both the mortgagee and mortgagor in that action. *See Norfolk Building & Loan Ass'n v. Stern,* 113 *N.J.Eq.* 385, 387 (Ch.1933), aff'd o.b. 115 *N.J.Eq.* 282 (E. & A.1934) and other cases collected in 30 *N.J.Practice (Cunningham & Tischler, Mortgages)* (1975) § 201 at 51 n.18. Therefore, any person who succeeds to the mortgagor's interest, including a purchaser at a judicial or execution sale, should also succeed to this right of redemption. *See Osborne, Mortgages* (1951) § 304 at 874 n.41; *Osborne, Nelson and Whitman, Real Estate Finance Law* (1979) § 702 at 426 n.12. Where a second mortgagee has foreclosed and purchased at the sale, the mortgagee or its transferee occupies the position of an owner with respect to the mortgaged premises, subject only to the lien of the outstanding first mortgage. As an owner, it can redeem not only before sale but also after sale in accordance with the 10-day right established by *Hardyston. See also* 2 *Jones On Mortgages* (7th Ed.) § 1057 at 655 n.25. We need not determine here whether other non-foreclosed lien holders possess an equivalent post-sale redemption right, since *Hardyston* only

expressed that the right was possessed by the mortgagor/owner. The rights of that mortgagor/owner passed to the successful bidder at the second mortgagee's sale and are now properly exercisable by it. We, therefore, need not go beyond *Hardyston* in determining that the redemption in this case by The Money Store's transferee was proper, as determined by Judge Cohen.

Judge Cohen's order of May 7, 1984, directing the return of the writ of execution marked "satisfied by redemption" and the return of the purchase price to Constance Silakoski, is affirmed.