Southard J.
The state of demand sets out with suffifit precision and particularity the following case. (Jurtis sued out an attachment against Joseph Slack, an abscond-it was put into Hulsizer’s hands to execute; in virtue of it, he took certain goods, which were claimed by Ezra Shamp, who sued him before John Cavanagh, esq. for taking them, which suit the plaintiff afterwards dis- ....... .. continued ; Hulsizer, then called three juries, one after the other, to try the property in the goods. The two first juries disagreed and found no verdict, the third ^declared them to be the property of Shamp. Ourtis also obtained an execution against the same Joseph Slack, and put it in Hulsizer’s hands, and he returned, that he could find no goods or person ; and he avers, that at the special instance and request of Curtis, he paid the fees to the two first juries, amounting to 3 dollars, and then charges 1 dollar and 80 cents, for summoning the juries, 2 dollars and 50 cents, for swearing jurors and witnesses, 1 dollar and 25 cents, for moving the property attached and swearing appraisers, 2 dollars and 50 cents, for his time and expenses in the suit before John Cavanagh, esq. and 3 dollars, for his costs on the execution, making in the whole 14 dollars and 5 cents.
The verdict and judgment were for the amount claimed, and it is now alleged on behalf of the plaintiff in certiorari, that these costs cannot be recovered against him, because the 14th section of the attachment act, (Pat. 297) provides that “they shall be paid out of the estate of the defendant in attachment, if the property be found in the claimant,” as in this case.
These costs are created by the officer in defending himself under the provisions of the act, and it was well for *573 the law to provide that they should be at once paid out of the defendant’s property. But suppose, as appears to be the case here, that the defendant really has no property, how are they then to be paid? Is the officer to lose them ? Surely not. The plaintiff in the writ, as in every other case, must be answerable for those legal costs to ■which the officer has been subjected. Here seems to have been a special request that a part of them should be paid, but this request was not necessary to support the plaintiff’s claim. He may well recover, those costs which the law has fixed in such cases.
But there is one item, which can be sustained upon no legal principle, I mean, for his time and expenses in attending the suit before John Cavanagh, esq. The plaintiff in an action, is not legally answerable for the costs and damages to which the officer is subjected, by his mode of executing a writ. He must see to it, that he executes it properly, so as to be liable to no one. In this case also, the law declares, that the officer, “ shall not be liable to any prosecution for having attached and taken any goods &c., through ignorance or want of proper information.”
*The item also, for moving the goods and swearing the appraisers, is liable to objection. The law gives no fee to the officer for removing the goods.
As the judgment is for these items, as well as the others, it cannot stand.
Judgment reversed.