## THEODORE STURGES *vs.* LACKAWANNA AND WESTERN RAILROAD COMPANY.

1. If an execution is placed in the hands of a sheriff, and is afterwards settled by the parties, either by payment of the claim or otherwise, so that a sale is rendered unnecessary, the sheriff is entitled to one-half of the amount of percentage allowed in cases of sale.

2. It makes no difference to the sheriff how the matter is arranged between the plaintiff and defendant.

3. Where several executions are issued to the sheriffs of different counties on the same judgment, and each sheriff makes a levy on property, if the claim is settled, each sheriff is not entitled to his percentage on the whole amount of the execution; he is only allowed percentage on the value of the goods levied on by him ; and if the value of the property levied on by all the sheriffs exceed the amount due on the judgment, then each sheriff should be allowed in proportion to the property levied on by him.

4. Should a question arise about the value of the property levied on, the court can determine it on proof submitted under a rule for taking affidavits.

This cause came before the court on a motion to re-tax costs.

Argued before Justices POTTS and HAINES.

The opinion of the court was delivered by

HAINES, J. To secure the payment of certain obligations, held by the plaintiff, judgment was confessed, by the defendants, for the sum of $388,912.88, and executions thereon simultaneously issued, and directed to the sheriffs of the counties of Union, Hunterdon, and Warren, respectively, and levies made on property of the defendants in each of those counties.

Subsequently the plaintiff, deeming it unnecessary to enforce the payment of the money due to him by means of the judgment, and being content to let his debt stand upon the original obligations, directed the sheriffs to stay further proceedings on the execution, or, as it was said on the argument, the plaintiff withdrew the executions.

The sheriffs of Hunterdon and Warren thereupon, by their bills of costs, severally claim the one-half of amount of percentage allowed in cases of sale to the whole amount due on the executions. To these charges the plaintiff objects, and asks a re-taxation of the bills of costs.

The first objection to the charge is, that there was no such settlement of the execution as authorizes any percentage; that being a withdrawal of the executions without any payment or further securities taken, it was not the kind of settlement contemplated by the statute.

The act concerning fees and costs, (*Nix. Dig.* 269,) after fixing the rate per cent. on the amount of sales made by virtue of an execution, provides "that when the execution is settled without an actual sale, and such settlement is made manifest to the officer," he is to have "one-half of the amount of percentage allowed in cases of sale." This allowance is made for the trouble, care, and risk of the

officer in discovering and levying upon the property of the defendant, and its safe keeping for the purpose of a sale and the securing the payment of the amount due.

Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation.

The service and risk are put upon the sheriff by the plaintiff, for his own benefit, and the statute has provided for his compensation.

It is of no consequence to the sheriff how the matter is arranged between the plaintiff and the defendant. If anything is done between them, by which a sale is rendered unnecessary, that must be considered a settlement within the meaning of the act. The execution is then settled without a sale; its operation is suspended by the act of the parties; the sheriff can proceed upon it no further, unless it may be to make his own costs; and he becomes entitled to the allowance provided by the statute.

Again, it is insisted that if the sheriffs are entitled to percentage, the charge in each of their several bills for the whole amount is excessive; and this position we think is well taken.

The provision of the statute is for one-half of the amount which would have been allowed if there had been a sale. Had there been a sale, each sheriff would not have sold to the whole amount of the money due on the executions. The plaintiff can make his money but once, nor can the sheriffs sell to three times the amount due, unless in the possible contingency when the amount due is small, and the property levied on is an entirety requiring to be all sold. But, between them, they are to sell sufficient property to pay the debt and costs, and in that case the percentage of each is to be in proportion to the amount sold by him.

So if there be no sale by reason of an arrangement between the parties, each sheriff is entitled to the one-half of the amount of percentage which he could have claimed

had there been a sale, and no more; otherwise where the amount of goods, if sold, would have produced a small amount of percentage, the sheriff would profit by a settlement, for in that case, on this principle, he would claim the half percentage on the whole debt, which cannot be.

The sheriffs may lawfully claim the percentage on the value of the goods by them respectively levied on. If the value of the goods exceed the amount due on the execution, then they may each, in proportion to the value of the property levied on.

Should any question arise about the value of the property, the court can determine it on proof submitted to it under a rule for taking affidavits.