ZEBA. The (HOPKINS v.). See Case No. 6,694.

## Case No. 18,206.

### ZEIBER v. HILL.

[1 Sawy. 268; [1] 8 N. B. R. 239.]

District Court, D. Oregon.   Aug. 15, 1870.

BANKRUPTCY—DISSOLUTION OF ATTACHMENT—OFFICER'S FEES—DUTY OF REGISTER—CUSTODY OF BANKRUPT'S PROPERTY — DISSOLUTION OF ATTACHMENT—KEEPER'S FEES.

1. An adjudication in bankruptcy relates to the filing of the petition, and works a dissolution of an attachment before then levied upon the bankrupt's goods from that date.

2. An officer must look to the party. or his attorney, who employed him. for his fees; he has no claim upon the adverse party.

3. Where a debtor is adjudged a bankrupt upon his own petition, it is the duty of the register to take his property into his custody by the intervention of an agent, or other proper means.

4. Where a debtor was adjudged a bankrupt upon his own petition, and prior to the filing thereof a flock. of sheep belonging to him had been taken on an attachment and kept by the officer until delivered to the assignee: Held, that such officer is entitled to a compensation from the assignee for keeping such sheep, until claimed and received by the assignee.

[This was an action by Albert Zeiber against Andrew Hill, assignee of Thomas Martin, to recover the balance of an amount alleged to be due him for keeping defendant's sheep.]

E. C. Bronaugh, for plaintiff.
Charles A. Ball, for defendant.

DEADY, District Judge. On July 12, 1870, the parties to the above entitled cause filed a statement of facts upon which the controversy between them depends, and submitted the same to the determination of this court without action. Code Or. 202.

On August 8. the case was argued by counsel for plaintiff, and submitted without argument for defendant. From the statement

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

it appears that on April 4, 1870, one Croft commenced an action against Thomas Martin, aforesaid in the county court for Multnomah county. On the same day an attachment issued in the action and was received by the plaintiff, then sheriff of the county aforesaid, and levied among other things upon 149 head of sheep and 550 pounds of meat. On April 5, plaintiff sold the meat as perishable property for $24.94, and put the sheep into the custody of a keeper, where they remained twenty-six days, when they were delivered to the defendant as assignee as aforesaid.

On April 5, said Martin filed his petition in this court to be adjudged a bankrupt, and on April 8 was so adjudged by the register. On April 15, Croft obtained judgment in the county court for $405, and on April 19 execution issued thereon against the property of Martin directed to plaintiff. On April 28, plaintiff was restrained by injunction from the court from selling Martin's property on execution, and thereupon plaintiff delivered said property to defendant as aforesaid, and returned the execution unsatisfied.

That the plaintiff paid said keeper for keeping said sheep during the period aforesaid the sum of $2 per day, or $52 in all, which was a reasonable reward for his services; and that the said plaintiff has not received payment for said sum so expended, or any part thereof, except said sum of $24.94, which he still retains.

The adjudication in bankruptcy related back to the filing of the petition of April 5, and dissolved the attachment from that day. An officer must look to the party, or his attorney who employs him, for his fees. He has no claim upon the adverse party for them. Croft obtained nothing by his judgment in the county court, and he must pay the fees earned by the officers at his instance, without having any recourse upon Martin or his property. Upon Martin's being adjudged a bankrupt, the register should have taken his property into his custody by the intervention of an agent and other proper means, and kept it for the assignee when appointed. However, at that time there appears to have been some doubt as to his power to do this, and it was not done. The consequence was, the sheep remained in the plaintiff's custody, and he incurred this expense in keeping them.

I think upon general principles that the plaintiff is entitled to a reasonable reward for keeping these sheep. For this purpose he may be considered as a bailee, and entitled to compensation as any other agister or feeder of cattle. The cases In re Housberger [Case No. 6,734], and In re Williams [Id. 17,705], sustain this conclusion, while the first case goes even farther, and probably too far. I have found no case to the contrary. The plaintiff is entitled to judgment on the statement for the sum expended, after deducting the amount of money in his hands belonging to the estate, to wit, $27.06.