127 N.J. Super. 50 (1974)
316 A.2d 59
THEODORE A. LOBSENZ, PLAINTIFF-RESPONDENT,
v.
MICUCCI HOLDINGS, INC., A NEW JERSEY CORPORATION, DEFENDANT, SIC & DUE, INC., A NEW JERSEY CORPORATION, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 28, 1974.
Decided March 4, 1974.
*51 Before Judges LEONARD, ALLCORN and CRAHAY.
Messrs. Kimmel & Cavaliere, attorneys for the appellant.
Mr. Theodore A. Lobsenz, respondent, pro se.
The opinion of the court was delivered by ALLCORN, J.A.D.
Since the decision in Hardyston Nat. Bank v. Tartamella, 56 N.J. 508 (1970), it has been settled in this State that an owner-mortgagor has a right to redeem the mortgaged property following foreclosure and sale thereunder, by the payment in full of the mortgage indebtedness, costs of foreclosure and costs of sale. Under Hardyston the right must be exercised "within the ten-day period fixed by R. 4:65-5 for objections to the sale and until an order confirming the sale of objections are filed under the rule." Id. at 513.
*52 This right of redemption confirmed in Hardyston is not fashioned by nor dependent upon statute; instead, it is a right created and "devised by equity to protect him [the mortgagor] from the forfeiture of his title." Ibid.; compare N.J.S.A. 2A:50-4. It is thus closely comparable to the owner-mortgagor's equity of redemption and much like an extension of it. But, whatever its precise nature and however characterized, the right of redemption obviously is a valuable right and, as such, is subject to transfer and conveyance just as is any other right, title or interest in or to real property. See Ghee v. Davenport, 4 N.J. Super. 518 (App. Div. 1949), aff'g 2 N.J. Super. 532 (Ch. Div. 1949); compare 2 Glenn on Mortgages, § 238 (1943).
Given the existence of the right to redeem in the owner-mortgagor and the transferability of that right by the latter to a third person in exchange for a consideration, the fairness and adequacy of which is not challenged, the trial court here declined to permit the transferee to exercise the right to redeem, on the ground that to do so would offend a public interest. It would, it was said, "seriously impede the judicial process in mortgage foreclosures and lend aid to disruption of orderly mortgage foreclosure sale procedures by speculators in mortgagor's rights," much like the intrusion and interference by speculators condemned in Bron v. Weintraub, 42 N.J. 87 (1964). In our view the analogy is not well-taken, and we perceive no valid public interests or considerations of policy that would be adversely affected by the exercise of the right to redeem by a transferee of the owner-mortgagor.
In the present case the owner-mortgagor has transferred and assigned his right to redeem (as well as his right and interest to the building heating system) for a consideration of $5,000  the payment thereof being made contingent upon the transferee being permitted to exercise the right of redemption. If the transferee is permitted to redeem, the mortgagee is rendered whole and the owner-mortgagor is benefited. Thus, the mortgagee would receive the full amount of the mortgage indebtedness, including interest, plus his costs *53 and expenses in the foreclosure proceedings and on the sheriff's sale. The owner-mortgagor, in turn, would receive the sum of $5,000, and the deficiency amounting to some $55,000 would be completely eliminated. At the same time, the transferee would have title to the premises, unencumbered by the mortgage, for which he will have paid a sum in excess of $60,000.
If, on the other hand, the proposed redemption is barred and, as a result, fails of consummation, the owner-mortgagor is deprived of the $5,000 consideration for his redemptive right, and the $55,000 deficiency remains unsatisfied  for the whole of which the owner-mortgagor remains personally liable, without credit for fair market value under N.J.S.A. 2A:50-3, this being a note mortgage rather than a bond mortgage. 79-83 Thirteenth Ave., Ltd. v. De Marco, 44 N.J. 525 (1965). At the same time, the mortgagee would receive a windfall which, by his own reckoning, amounts to more than $2,500. For, he will then have the property which, he asserts in his brief, "the only recent independent appraisal of the property * * * just completed by * * * Garfield" under its program of "revaluation to 100% assessment", resulted in an assessed value of $58,000 for the year 1973. Having bought in the property at the foreclosure sale for the sum of $100, and the deficiency remaining being of the amount of $55,230.02, the mortgagee will thus have acquired the property, which he himself suggests to be of a value of $58,000, for the total sum of $55,330.02  and he will still retain the right to proceed against the owner-mortgagor on the $55,000-plus deficiency.
We are unaware of any policy or other considerations that would justify thus disfavoring an owner-mortgagor and, simultaneously, favoring the mortgagee to his enrichment. Nor are we cognizant of any public or other interests which would disqualify, as an intermeddler seeking to gain an improper and unfair advantage, a transferee of the right of redemption committed to the payment of a sum in excess of $60,000 for a property valued by the mortgagee at $58,000.
*54 It is very much to be doubted that bidding at foreclosure sales would be any more discouraged by allowing a transferee to exercise the right to redeem the property, than it is by permitting redemption by the owner-mortgagor  if, in fact, the right of the latter has any such effect whatever. We perceive none, and our attention has been directed to none. Indeed, in those states in which the right to redeem is created by statute, redemption "by the mortgagor or his successor is a universal feature of [said] statutes." Osborne on Mortgages (2nd ed. 1970), § 309.
At all events, a foreclosing mortgagee who has been or will be made whole has no basis or standing to complain. It has been well said that "a mortgagee is not entitled to recover more than the full amount of the mortgage debt." 79-83 Thirteenth Ave., Ltd. v. De Marco, supra, 44 N.J. at 534. Similarly, there is no harm to any junior encumbrancers or lienors.[1] And, quite obviously, there is no harm to the owner-mortgagor since he is free to bargain for a fair and adequate consideration for his right to redeem, whether or not the foreclosure sale results in surplus monies.
*55 Finally, to permit a transferee of the owner-mortgagor to exercise the right of redemption would not unfairly deprive the successful bidder at the foreclosure sale (including the mortgagee) of the benefit of his bargain to any greater extent than when the owner-mortgagor himself redeems. The purchaser at the foreclosure sale bids and buys with actual or implied knowledge of the existence of the right to redeem, and with full awareness that his purchase is subject to being defeated by the timely exercise thereof. Hardyston Nat. Bank v. Tartamella, supra.
Reversed.
NOTES
[1] Although there appears to be no law on the issue in this State, it would appear that upon redemption by either the owner-mortgagor or his transferee, the whole of the foreclosure proceeding is nullified, in effect; and there can be little doubt that equity would thereupon restore and revive the respective interests of the junior encumbrances and lienors in the property which, failing redemption, would have been cut off upon delivery of the sheriff's deed following the foreclosure sale. Were it to be otherwise, an owner-mortgagor could cut off all existing junior liens by the simple device of inviting foreclosure and allowing the suit to proceed to judgment and sale, and then exercising his right of redemption.

Most of the discussions and cases with regard to the question in other jurisdictions deal with the right of redemption as created by statute, and turn on the construction of the respective statutory enactments. See Call v. Jeremiah, 246 Or. 568, 425 P.2d 502, 506 (Sup. Ct. 1967) (dissenting opinion); Osborne on Mortgages (2nd ed. 1970), § 309; 2 Jones on Mortgages (8th ed. 1928), §§ 1347 et seq.; 55 Am. Jur.2d, Mortgages, §§ 864 et seq. and § 1218; Annotation, "Effect on subordinate lien of redemption by owner or his grantee from sale under prior lien," 5 A.L.R. 145 (1920).