194 N.J. Super. 376 (1984)
476 A.2d 1271
HERITAGE BANK, N.A., PLAINTIFF,
v.
MAGNEFAX CORP., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Middlesex County.
Decided March 20, 1984.
*378 Martin Knecht for applicant Irv Cyzner.
Karl R. Meyertons for plaintiff.
No appearance for defendant mortgagors.
COHEN, J.S.C.
In Hardyston Nat. Bank v. Tartamella, 56 N.J. 508 (1970), the Supreme Court decided that, after foreclosure and sheriff's sale, the owner-mortgagor may still redeem the property by paying the mortgage debt plus foreclosure and sale costs. He may do so within the ten-day period fixed by R. 4:65-5 for objections to the sale and until an order is entered confirming the sale if objections are filed. In Lobsenz v. Micucci Holdings, Inc., 127 N.J. Super. 50 (App.Div. 1974), the Appellate Division decided that the owner-mortgagor's post-sale right to redeem could be transferred to another who could then exercise it.
In the present case, the assignee of the mortgagors' right to redeem is also the successful bidder at the sheriff's sale. He seeks judicial approval of his exercise of that right in lieu of his completing his purchase from the sheriff. His application is denied for the following reasons.
The mortgagor's post-sale right to redeem is not statutory. It was created by equity to protect him against forfeiture of his property. Hardyston Nat. Bank v. Tartamella, supra. Since the right was a judicial creation, its incidents and the conditions of its exercise and assignment are subject to judicial regulation and scrutiny.
*379 In Lobsenz, the mortgagee bought in for $100 at sheriff's sale a property worth more than had to be raised at the sale to satisfy its debt and costs. The mortgagor was paid $5000 by the assignee for the transfer of the right to redeem. The fairness and adequacy of that consideration was not challenged. There was no overage for the mortgagor to have a stake in. If exercise of the assigned right to redeem had not been approved, the mortgagee would have received a windfall equal to the owner's equity and the mortgagor would have lost the $5000 that was paid for the assignment.
This case is very different. Here there was strong bidding at the sheriff's sale. The amount to be raised was some $16,000. The assignee was high bidder at $27,100. Since there were no junior liens, the remaining $11,000 belonged to the mortgagors.
The assignee then obtained from the mortgagors the transfer of their fee title and an assignment of their post-sale right to redeem. He applied here for approval of the exercise of that right, but did not give the mortgagors notice of that application.
After reviewing his application, I twice asked the assignee for further information about the matter. In a letter, I expressed my
reservations about the manner in which the mortgagors who were currently entitled to an overage were persuaded to transfer their right, on what representations and for what consideration.
I received further information, the latest of which counsel labelled "the last documentation my client intends to submit in this matter." The totality of it is this:
The assignee says that after the sale he inspected the property and investigated the zoning. He discovered facts that made him regret the amount of his bid. He contacted the mortgagors who told him that they would give him an assignment of their right to redeem and that they wanted nothing for it. In return, he bought them a large fruit basket, offered them free masonry services in the future and has since bought securities from the mortgagors who are stockbrokers. The assignee did *380 not tell the mortgagors there was an overage of some $11,000 that belonged to them.
An affidavit was submitted signed by the mortgagors. It was probably drafted by the assignee or his attorney. The gist of it is contained in these words:
We were not told what the overage on the bid was, only that [the assignee] felt he had made a mistake in overbidding and that he regretted it. By signing the assignment, [the assignee] told us he would be saving money by just paying off the mortgage.
Even at this late date, the mortgagors express no awareness in the affidavit that they had apparently given away some $11,000.
The purchase by the high bidder at a sheriff's sale of the mortgagor's right to redeem is a transaction that is subject to serious abuse. The transaction is attractive to the high bidder only if his bid exceeds the amount to be raised. The mortgagor has something of value to assign only if he is entitled to payment of some excess. It is unlikely that junior lienors can be prejudiced. See Lobsenz, 127 N.J. Super. at 54. Such mortgagors are frequently legally and financially innocent people. Afficionados of sheriff's sales are not always solicitous of the rights of debtors.
In such a setting, intense judicial scrutiny is warranted. The need for attention requires that sheriffs should not accept post-sale tenders for redemption from high-bidder assignees or related parties unless application therefor has been approved by order of the chancery judge. That application should be made by the assignee on notice to the mortgagor, whether or not an answer has been filed.
The chancery judge should review such applications carefully. The transfer by a mortgagor of his clear right to payment of a fixed amount of money for something less than its equivalent is such an odd event that it should arouse skepticism about the fairness of the transaction and the mortgagor's understanding of its significance. The assignment should not be approved unless the court is fully satisfied that the mortgagor who *381 assigned his right to redeem did so knowledgeably and for fair consideration.
I am not so satisfied in this case. I do not find that the assignee overreached the mortgagors. He has not, however, satisfied me that he fairly obtained the right to payment of some $11,000 in return for a fruit basket and some future free masonry work. If I am wrong and the mortgagors want to give him the $11,000 after they get it from the sheriff, they may, of course, do so.
The assignee may not redeem. He must complete the purchase of the property he bought at sheriff's sale according to the terms of that sale.