246 N.J. Super. 482 (1990)
587 A.2d 1335
THE HOWARD SAVINGS BANK, PLAINTIFF,
v.
HAROLD SUTTON, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Monmouth County.
Decided December 28, 1990.
*483 Robert A. Rothstein for I. David Goldstein (Rothstein, Mandell, Strohm & Gelson, attorneys).
*484 Steven H. Finkelstein for plaintiff (Hayt, Hayt & Landau, attorneys).
Robert J. Hrebek for Sheriff of Monmouth County.
McGANN, J.S.C.
After centuries of conducting execution sales, there is no clear-cut legislative mandate fixing the obligation to pay the sheriff's fees. That void raises the issue herein.
A sheriff's entitlement to fees is found in N.J.S.A. 22A:4-8. The section of that statute dealing with execution sales provides, in pertinent part, as follows:
EXECUTION SALES
When a sale is made by virtue of an execution the sheriff shall be entitled to charge the following fees: On all sums not exceeding $5,000.00, 4%; on all sums exceeding $5,000.00 on such excess 2 1/2%; the minimum fee to be charged for a sale by virtue of an execution, $20.00.
....
Making statement of execution, sales and execution fees, $5.00. Advertising the property for sale provided the sheriff or deputy sheriff attended in pursuance of the advertisement, $10.00. Posting property for sale $7.00. For the crier of the vendue, when the sheriff proceeds to sell for every day he shall be actually employed in such sale, $3.00.
The statute does not specify the person or party responsible for payment of the fees. The "practice" varies among the 21 counties. The certification of Goldstein's attorney states that a survey of the 21 sheriffs' offices shows that in 14 of them the sheriff's fees are deducted from the amount of the successful bid and thus reduce the net amount turned over to the judgment creditor. In seven counties the fees are charged to the bidder over and above the amount of the bid. The judgment creditor receives the full bid price.
In the within routine foreclosure action a writ of execution issued to the Sheriff of Monmouth County directing him to levy on a residential condominium unit owned by defendants Sutton *485 and sell it to satisfy $85,101.68, together with interest and taxed costs, due to the Howard Savings Bank as determined in the final judgment in foreclosure. The sheriff did all that was required of him and duly sold the property on September 24, 1990 to I. David Goldstein on his high bid of $100,000. That amount was paid to the sheriff but the sheriff then refused to turn over his deed until he received his fees of $2,946.10. Goldstein paid that amount under protest and then brought this motion to recover that payment.
Goldstein's position is simple. He argues that the sheriff is an auctioneer; an auctioneer is entitled to be paid for his services by the seller, based on the proceeds of sale. Goldstein has no quarrel with the computation of the fees. He believes that the sheriff should deduct them from the $100,000 paid and turn over the balance to the Howard Savings Bank. General law pertaining to auctioneers supports that position. 7 Am. Jur.2d, Auctions and Auctioneers, § 61 at 412. The arrangement between seller and auctioneer is one of contract both as to the calculation fees and charges as well as manner of their payment. The auctioneer usually looks to the seller for his compensation. The seller may insist that the auctioneer charge his fees to the buyer. If the auctioneer agrees, the onus is on him to make that fact clear to the bidders when he announces or advertises the conditions of sale. Johnson v. Miller & Buck, 35 N.J.L. 338 (Sup.Ct. 1872). Such arrangement is out-of-the-ordinary.
The sheriff is a public auctioneer whose fees and charges are fixed by statute. The majority custom appears to be that those fees are deducted from the gross amount bid. The judgment creditor receives the balance. There is no inequity in that practice. However, since the Legislature has not spoken, each sheriff is free to place the burden on the bidder  if he deems that to be fair and proper. But if he does so, he must make that fact clear both in his advertising and in the conditions of sale  again, because that practice is unusual.
*486 In this case the public advertisement contained the following pertinent language:
TERMS OF SALE: DEPOSIT: 20% of the bid amount at the time of sale. Balance due in 30 days. Cash or certified check only. The approximate amount of the judgment to be satisfied by sale is the sum of $90,996.39 together with the costs of this sale. [Emphasis supplied]
The printed conditions of sale, signed by the successful bidder, Goldstein, contains this following pertinent paragraph:
SECOND.  The deed will be delivered not less than ten days after the sale, but on or before Wednesday the 24th day of October A.D. 1990, at my office in Freehold, when and where the balance of the purchase money shall be paid in cash or certified check unless a motion for the hearing of an objection to the sale is served upon me prior to the delivery of the said deed. All sales are subject to Sheriff's fees.[1] [Emphasis supplied]
The sheriff relies on the clause of the advertisement and last sentence of the conditions to justify his position. Goldstein believes that language is ambiguous and of no support. To any reasonable reader, he is correct.
Neither the advertisement nor the conditions of sale tell a bidder that he will have to pay more than his bid. The sentence "All sales are subject to Sheriff's fees" states the fact. It does not state who pays them. Goldstein, when he bid $100,000 had no warning that he would have to pay $102,946.10 for the property. Under those circumstances, the sheriff had no legal right to charge his fees to the bidder.
Counsel for Goldstein will submit an order directing the sheriff to reimburse those fees within 15 days after the order is entered.
NOTES
[1] From the printed form presented to the court, it is obvious that the last sentence is a recent addition to the original form.