746 A.2d 1069

ANDREW JACOBY AND CAROLYN JACOBY, PLAINTIFFS–RE-SPONDENTS, v. BENIGNO ESEO, EVELYN ZARIS, INDIVIDU-ALLY AND AS EXECUTRIX OF THE LAST WILL & TESTA-MENT OF LOUIS ZARIS, DECEASED, CESAR ISAGA AND LETICIA ISAGA, AND CITIBANK SOUTH DAKOTA, DEFEN-DANTS, AND ATLANTIC COUNTY SHERIFF, INTERVENOR–APPELLANT, AND CHARLENE LOO, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 9, 2000—Decided March 13, 2000.

Before Judges KING, CARCHMAN and LEFELT.

*Paul J. Gallagher*, Atlantic County Counsel, attorney for appellant (*Diane M. Ruberton*, Assistant County Counsel, on the brief).

*Cooper Perskie April Niedelman Wagenheim & Levenson*, attorneys for respondents Andrew Jacoby and Carolyn Jacoby (*Michael Jacobson*, on the brief).

Respondent Charlene Loo did not file a brief.

The opinion of the court was delivered by

CARCHMAN, J.A.D.

■ This appeal requires us to interpret a provision of *N.J.S.A.* 22A:4–8 (the statute) and determine the Sheriff's entitlement to fees after a foreclosure sale has resulted in a default by the high bidder and forfeiture of a deposit. We conclude, as did Judge Gibson in the Chancery Division, that the Sheriff is entitled to a commission on the amount of the forfeited deposit rather than the bid amount.

■ The facts are not in dispute. Plaintiffs Andrew Jacoby and Carolyn Jacoby sold real property located in Atlantic City to defendant Benigno Eseo who executed a first purchase money mortgage and note securing the principal amount of $150,000. Eseo subsequently defaulted. Plaintiffs initiated a foreclosure proceeding, and after entry of judgment and execution, the property was listed for a Sheriff's sale. The sale generated bidding, and Charlene Loo and Mee Ding Loo Ting successfully bid $186,000. Consistent with the conditions of sale, Loo and Ting deposited $20,000 with the Sheriff.[1] They, too, defaulted and failed to tender the balance due of $166,000. After a new writ of execution was issued, the property was relisted for another Sher-

---

[1] The Sheriff is permitted to vary the percentage the purchaser must deposit. 30 Cunningham & Tischler, *New Jersey Practice* § 354 n. 44 (1975).

iff's sale at which time plaintiffs bid $100. There were no other bidders.

Plaintiffs filed an application in the Chancery Division seeking a turnover of the deposit less $575 representing the statutory commission on $20,000; the Sheriff claimed a commission of $4,725 based on the original bid price of $186,000. Judge Gibson held that since no sale was consummated, the Sheriff was only entitled to statutory fees based on the deposit. We agree.

■ The Sheriff's authority to collect fees after a sale pursuant to a writ of execution is derived from *N.J.S.A.* 22A:4–8 which provides in relevant part:

> When a sale is made by virtue of an execution the Sheriff shall be entitled to charge the following fees: On all sums not exceeding $5,000.00, 4%; on all sums exceeding $5,000.00 on such excess, 2½%; the minimum fee to be charged for a sale by virtue of an execution, $20.00.

In interpreting this provision, we have enunciated some basic principles that are relevant to our present inquiry. In *International Brotherhood of Electrical Workers, Local No. 1470 v. Gillen*, 174 *N.J.Super.* 326, 328, 416 *A.*2d 446 (App.Div.1980), we stated: "The right of a Sheriff to compensation for his services is derived from statute and must be strictly construed." More broadly, we recently reiterated that we must read statutes to

> " 'effectuate the legislative intent in light of the language used and the objectives sought to be achieved.' " *In re Adoption of N.J.A.C. 7:1I*, 149 *N.J.* 119, 127–28, 693 *A.*2d 97 (1997) (quoting *Merin v. Maglaki*, 126 *N.J.* 430, 435, 599 *A.*2d 1256 (1992)) (internal quotations omitted). Moreover, "the inquiry in the ultimate analysis is to determine the true intention of the law; and to this end, the particular words are to be made responsive to the essential purpose of the law." *Jimenez v. Baglieri*, 152 *N.J.* 337, 351, 704 *A.*2d 1285 (1998) (quoting *Wollen v. Borough of Fort Lee*, 27 *N.J.* 408, 418, 142 *A.*2d 881 (1958)). Ultimately, statutes "are to be read with a modicum of common sense to insure that the purpose of the Legislature is upheld and preserved." *Friends of Dinky Woods v. Township of West Windsor*, 291 *N.J.Super.* 325, 333, 677 *A.*2d 289 (Law Div.1996).
>
> [*Gallo v. Lawrence Township*, 328 *N.J.Super.* 117, 124, 744 *A.*2d 1219 (App.Div. 2000).]

Applying these principles to this matter, we cannot conclude that a "sale" was effectuated entitling the Sheriff to commissions on the bid price.

■ The Sheriff relies on the language contained in the "conditions of sale" which provide that he is obligated to deliver the deed to the purchaser "within 30 days from date of sale." While the Sheriff has fixed the conditions of sale in a manner that he deems appropriate to describe the transaction, it is the language of the statute and intent of the Legislature that governs rather than conditions of sale prepared by the Sheriff. The conditions obligate the purchaser to complete the transaction or be liable for "all losses, expenses or deficienc[ies] therein." The conditions of sale may well create liability on a defaulting bidder and establish the relationship between the defaulting bidder and Sheriff, but such conditions cannot impose on the seller additional burdens not contemplated by the statute.

■ Analogous provisions of the earlier versions of the statute support the view that Sheriff's commissions must be related to the amount recovered on behalf of the creditor. *See, e.g., Sinnickson v. Gale*, 16 *N.J.L.* 21 (Sup.Ct.1837) (stating that the legislature intended the Sheriff to recover "a commission only on the amount raised for, or secured to the party in whose favor, the execution is issued"); *see also Sturges v. Lackawanna and Western Railroad Company*, 27 *N.J.L.* 424 (Sup.Ct.1859) (holding that when the execution of the sale of property is not completed, the Sheriff is entitled to recover one-half of the percentage to which he would have been entitled if the sale was executed); *Black v. Ely*, 6 *N.J.L.* 232 (Sup.Ct.1822) (holding that when mortgaged property is sold pursuant to prior executions and the Sheriff does not advertise the property, the Sheriff is entitled to a percentage only of the amount the property brings above the mortgage amount). While these cases, of ancient origin, involved prior versions of *N.J.S.A.* 22A:4-8, the principle espoused remains inviolate—that the Sheriff may not benefit or garner a windfall at the expense of the creditor, where the facts do not support such a result.

In a more modern context, that principle was alluded to by our Supreme Court in *Resolution Trust Corp. [RTC] v. Lanzaro*, 140 *N.J.* 244, 658 *A.*2d 282 (1995), where the RTC challenged the same

"fee" in issue here. The Court held that a fee of $275,075 was, in essence, a tax and concluded that the RTC was exempt from payment of such fees under *N.J.S.A.* 22A:4–8. The Court concluded:

> Irrespective of its statutory designation as a fee, both our own cases and the federal precedents view as controlling the relationship between the amount of the charge and the cost of the service rendered. This record reveals an enormous disparity: the services rendered by the Sheriff and employees of his office required approximately ten hours of work; the fee imposed, determined solely on the basis of the amount of the successful bid for the property, was $275,000. Where the disproportion between the charge and the cost of the service is excessive, as it is here, the conclusion is inescapable that the charge imposed is intended primarily to raise revenue and not to compensate the governmental entity for the cost of providing its service.
>
> [*Id.* at 259, 658 *A.*2d 282.]

We do not perceive that *Lanzaro* suggests a cost-benefit analysis to resolve the statutory issues before us; however, a proper focus of any analysis of *N.J.S.A.* 22A:4–8 requires a recognition of the benefit afforded to the creditor. Here plaintiffs benefitted only to the amount of the deposit of $20,000, the only amount recovered by the Sheriff. To allow a windfall to the Sheriff and permit computation of a fee in excess of twenty-five percent of the amount recovered is beyond cavil not what the Legislature intended nor a result that can be tolerated with any reasonable interpretation of the statute.

We disagree with the Sheriff that the issue is resolved by a formulation or definition of a "sale." The "sale" here was never consummated; the full consideration was not tendered; no deed was delivered for the consideration of $186,000. We conclude that the Legislature intended that the fees recovered by the Sheriff be related to the sums recovered by the creditor as a result of the sale. Fees calculated on a bid which is never performed fail to meet that intention.

Affirmed.