In re Jane Coale LOEHWING, Debtor.

Andrea Dobin, Trustee, Plaintiff,

v.

Washington Mutual Bank, F.A., and William L. Polhemus, in his capacity as Sheriff of Ocean County, New Jersey, Defendants.

Bankruptcy No. 02–60608(RTL).
Adversary No. 03–2571.

United States Bankruptcy Court,
D. New Jersey.

Feb. 4, 2005.

Andrea Dobin, Valerie A. Hamilton, Sterns & Weinroth, a Professional Corporation, for Plaintiff, Chapter 7 Trustee.

Vincent DiMaiolo, Jr., Fein, Such, Kahn & Shepard PC, for Defendant, Secured Creditor, Washington Mutual Bank, F.A.

Steven F. Nemeth, Berry, Sahradnik, Kotzas, Riordan & Benson, for Defendant, Sheriff William L. Polhemus.

Gary S. Jacobson, Harold & Haines, P.A., for Amicus Curiae, New Jersey Bankruptcy Trustee Association.

Malcolm V. Carton, Monmouth County Counsel, for Amicus Curiae, Monmouth County Sheriff.

## *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

Andrea Dobin, Chapter 7 Trustee, moves for summary judgment on Count 1 of her complaint seeking a declaratory judgment that the amount necessary to satisfy a foreclosure judgment does not include the commission due to the Sheriff of Ocean County. Washington Mutual Bank, F.A. ("WaMu"), the foreclosing

mortgagee, had delivered a writ of execution to the Sheriff, but the Sheriff's sale was stayed by the debtor's bankruptcy filing. The Trustee sold the real estate and, at the closing, the mortgagee sought to collect a commission to be forwarded to the Sheriff. The Trustee objected to paying the Sheriff's commission. The court holds:

1. The Sheriff is entitled to a commission under New Jersey law because satisfaction of the foreclosure judgment from the proceeds of sale constitutes a "settlement" under N.J. Stat. Ann. § 22A:4–8.

2. The plaintiff in the state court foreclosure action (WaMu) is responsible for paying the Sheriff.

3. The mortgagee, WaMu, may add the Sheriff's commission to the amount necessary to satisfy its foreclosure judgment.

### *JURISDICTION*

The bankruptcy court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a) and (b); 28 U.S.C. § 157(a) and the Standing Order of the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 and all proceedings arising under Title 11 of the United States Code to the bankruptcy judges in this district. This motion is a core proceeding that may be heard and decided by a bankruptcy judge pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance of claims) and (K) (validity, extent or priority of liens).

### *FACTS AND PROCEDURAL HISTORY*

Jane C. Loehwing ("Debtor") owned a bed and breakfast in Beach Haven, New Jersey. Washington Mutual Bank, F.A. ("WaMu") held a first mortgage in the amount of $610,000.00. After she default-ed, WaMu obtained a foreclosure judgment on July 10, 2002. WaMu thereafter forwarded a writ of execution to the Sheriff of Ocean County who set up and advertised the sale. At Ms. Loehwing's request, the Sheriff adjourned the sale twice.

On October 28, 2002, the Debtor filed a Chapter 7 bankruptcy petition, staying the Sheriff's sale scheduled for the following day. Andrea Dobin was appointed Chapter 7 Trustee. The Trustee marketed the property, obtained a contract for sale of the property, and pursuant to Section 363 of the Bankruptcy Code, the Trustee obtained an order authorizing her to sell the property for $1,275,000. All creditors have been satisfied and surplus funds are available for Ms. Loehwing.

Before closing, counsel for WaMu sent a payoff statement to Trustee. The payoff statement indicated that the total amount of the lien was $719,335.06, plus $14,422.44 for Sheriff's commissions. The Trustee objected to paying the Sheriff's commission; therefore, WaMu agreed to release its lien on the Beach Haven property on the condition that the disputed amount of the Sheriff's commission be held in escrow.

The Trustee initiated an adversary proceeding against WaMu and the Sheriff of Ocean County seeking a declaration that the Sheriff is not entitled to a commission (Count II) and the amount necessary to satisfy the foreclosure judgment does not include the Sheriff's commission (Count I). Following a motion to dismiss by the Sheriff, the Trustee cross-moved for summary judgment on Count II of her complaint. The court ruled preliminarily that the Sheriff was entitled to a commission because the satisfaction of the foreclosure judgment from the proceeds of sale constituted a "settlement" within the meaning of N.J. Stat. Ann. § 22A:4–8. The Trustee now seeks summary judgment on Count I of her complaint that the amount neces-

sary to satisfy the foreclosure judgment does not include of the Sheriff's commission. WaMu cross-moved for summary judgment.

Pursuant to Fed.R.Evid. 706 [1], the court appointment Myron C. Weinstein, Esq.[2] as an expert to this proceeding. The court requested that Mr. Weinstein conduct a survey of the Sheriffs of all 21 counties in this state.

Three factors motivated the court to appoint its own expert:

1. The state court in *Howard Savings Bank v. Sutton*, 246 N.J.Super. 482, 484–5, 587 A.2d 1335, 1336 (Chan.Div.1990) referred to an informal survey of 21 county sheriffs to determine responsibility for the sheriff's commission.

2. The statute, 22A:4–8, is silent as to who bears responsibility for paying the sheriff and the practices of the various sheriffs in collecting commissions might shed light on who the responsible party should be.

3. The decision in the case might have ramifications in other scenarios such as redemption after sale, execution sales on multiple liens, surplus money proceedings, etc. Before reaching a result in this particular case, the court is cautious not to disturb accepted practices in other contexts.

Specifically, the survey was to determine the practice of sheriffs in billing and collecting commissions in various situations, including when an owner/judgment debtor has sold the property prior to a sheriff's sale and satisfied the judgment out of the proceeds. Mr. Weinstein conducted the survey, to which all 21 county sheriffs responded. The court is very grateful for the sheriffs' cooperation in providing this valuable information. Mr. Weinstein reported his results to the court and the parties. Each of the parties commented on the survey results, as well. The court finds that the predominant practice of the county sheriffs is to look to the foreclosing mortgagee for payment of commissions.

## DISCUSSION

### Summary Judgment Standard

Federal Rule of Bankruptcy Procedure 7056 states that Rule 56 of the Federal Rules of Civil Procedure "applies in adversary proceedings." Rule 56 states that summary judgment is appropriate when there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also, *U.S. v. Rushing*, 287 B.R. 343 (D.N.J.2002). This opinion addresses two competing motions for summary judgment. Both the Trustee and WaMu agree that no genuine issue of material fact exists in this case. Thus, the court will apply the law to the facts as set forth in the parties' pleadings.

### State Law

■ Most of the issues in this case are controlled by New Jersey state law. When a federal tribunal must apply state law, the decisions of the state's highest court are binding. *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir.2000). Where the state's highest court has not spoken, decisions by lower courts should be followed unless the federal court is convinced that the highest court would rule otherwise. *West v. Am. Tel. & Tel.*

---

**1.** Fed.R.Evid. 706 states in part, "[t]he court ... may appoint expert witnesses of its own selection."

**2.** Mr. Weinstein, of Garden State Legal Services Corporation, was recommended as an expert to this court and agreed to serve. He was formerly Chief of the Office of Foreclosure in the Superior Court of New Jersey.

*Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940). In this case, no decision of the New Jersey courts has addressed the precise issues raised here; therefore, the task of this federal court is to predict how the New Jersey Supreme Court would rule if called upon to decide the same issues. *Nationwide Mutual Ins. Co. v. Buffetta,* 230 F.3d 634 (3d Cir.2000).

## I. *Sheriff's right to payment of commission*

■ The court has preliminarily decided that the Sheriff has a right to receive payment for his services. Nonetheless, the Sheriff's right to payment remains an appropriate starting point for the court's analysis. The Trustee has appropriately framed the issue as: "whether a sale by a trustee in a bankruptcy case, filed after the writ of execution has been delivered to a sheriff, constitutes a 'settlement', which entitles the sheriff to a commission on the sale."

In New Jersey when an execution is settled[3] prior to sale, the sheriff is entitled to half "of the amount of percentage allowed" in compensation for his or her services. N.J. Stat. Ann § 22A:4–8 (2004)[4]. In fact, it does not matter how the matter is resolved between the parties, rather, "[i]f anything is done between them, by which a sale is rendered unnecessary, that must be considered a settlement." *Sturges v. Lackawanna and Western Railroad Co.,* 27 N.J.L. 424 (Supreme Court 1859) (addressing one of the predecessors to the current sheriff's fee statute[5]). Vice Chancellor Pitney expounded on this theme

some time later, stating that the fee statute should not be construed to permit the sheriff to spend money on labor and advertising and then not get paid for it. *Daly v. Ely,* 53 N.J.Eq. 270, 31 A. 396 (Chan.1895); *see also,* John David Healy, 20 N.J. Prac. Series, Skills and Methods § 1886 (3d ed.1994) ("an officer who has made a valid levy ... and that brings about payment or settlement, is entitled to his or her statutory commissions or dollarage on the amount collected or accepted in settlement").

Trustee, in her opposition to the sheriff's motion to dismiss, urged this court to follow the reasoning in *In re Fadi J. Bejjani,* Case No. 02–33025 (Bankr.D.N.J., Sept. 2, 2003). In *Bejjani,* a debtor in possession and his non-debtor spouse sold property after a writ had been delivered to the sheriff. The bankruptcy court concluded that a sheriff was only entitled to those expenses actually incurred in preparation for the sheriff's sale, rather than statutory commissions. The court wrote:

The parties' actions did not produce a settlement or resolution of the foreclosure action. A settlement under the statute applies to the situation where a plaintiff and defendant settle the action and satisfy the writ of execution absent an actual auction sale by the sheriff. The statute has no application to a sale approved by order of the Bankruptcy Court after a bankruptcy petition has been filed. The Court-ordered sale of the Property did not constitute a settlement for purposes of N.J.S.A. 22A:4–8. The Sheriff's cross-motion is denied to the extent it seeks a commission. To

---

**3.** *Black's Law Dictionary* states that "a settlement may refer to ... payment or satisfaction of a mortgage".

**4.** The statute reads; "[w]hen the execution is settled without sale and such settlement is made manifest to the officer, the officer shall receive ½ of the amount of percentage al-

lowed herein in case of sale." 22A:4–8 (2004).

**5.** The "statutory roots of N.J. Stat. Ann. § 22A:4–8 go back at least as far as 1799." *BTD–1996 NPC 1 L.L.C. v. 350 Warren L.P.,* 170 N.J. 90, 96, 784 A.2d 1214, 1216 (2001).

rule differently would reward the Sheriff an impermissible windfall from the bankrupt estate.

*Bejjani* is an unpublished opinion by a single judge in this multi-bankruptcy judge district. As such, *Bejjani* is not binding on this court. *In re Mays*, 256 B.R. 555, 558–559 (Bankr.D.N.J.2000) (an unreported decision of the bankruptcy court in New Jersey is "precedent which may be persuasive but is not binding"); see also, *Threadgill v. Armstrong World Industries*, 928 F.2d 1366, 1371 (3d Cir.1991) (there is no "law of the district"). This court, respectfully, disagrees with the conclusion in *Bejjani*. As the state court ruled in *Sturges* nearly 150 years ago, the statutory phrase "settled" includes a variety of circumstances whereby the sheriff's sale is obviated. Satisfaction of the foreclosure judgment from the proceeds of a sale by the owner (here the trustee) before the sheriff completes his duties is a "settlement" within the meaning of the statute. Nothing in the bankruptcy code deprives the Sheriff of his right to payment under state law.

The Trustee argues that she is not a party to the state court foreclosure proceeding, therefore, she cannot effectuate a settlement of the writ of execution. She argues that a sale to a third party by a stranger to the foreclosure suit is not within the contemplation of the statute awarding the sheriff a commission "when the execution is settled." The Trustee's reading is too narrow. Although the Trustee has not been named in the foreclosure suit, nor has she sought to be substituted in as the real party in interest; nevertheless, the foreclosure judgment has been satis-

fied, obviating the need for a sheriff's sale. Commissions are due.

Finally, 28 U.S.C. § 959(b) [6] requires a bankruptcy trustee to abide by the laws of the state in which debtor's property is located. *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 505, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). Therefore, the right of the sheriff under New Jersey law to charge commissions was not extinguished when the Trustee exercised her right to step into debtor's shoes and sell the Beach Haven property. Accordingly, the Sheriff of Ocean County is entitled to payment of $14,422.44.

## II. Obligation of the party delivering the writ to pay for the sheriff's commissions

■ Who is obligated to pay the $14,422.44? The Sheriff argues that both the foreclosing mortgagee (WaMu) and the Debtor's estate are liable for the Sheriff's commissions. WaMu agrees that the Sheriff is entitled to be paid but disclaims any liability and does not seek to increase its secured claim therefor. The Trustee urges that the Sheriff has no claim against the Debtor's estate nor the proceeds of sale and that WaMu's secured claim may not be increased by the amount of the Sheriff's commissions. The state statute fails to specify the party responsible for paying the Sheriff. Although the court was unable to find any case in New Jersey directly on point, there is persuasive authority that the party seeking the writ of execution is responsible for the costs due a sheriff if a settlement is reached prior to the sheriff's sale. The first case that is instructive is *Howard Savings Bank v.*

---

**6.** Section 959 states that "a trustee ... shall manage and operate the property in his possession as such trustee ... according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

*Sutton,* 246 N.J.Super. 482, 587 A.2d 1335 (Ch.Div.1990).

In *Howard Savings,* the judgment creditor forwarded a writ of execution to the sheriff, and the sheriff thereafter sold the property. *Id.* at 484–485, 587 A.2d 1335. The sheriff refused to give the deed to the winning bidder, however, demanding that the bidder pay his fees. *Id.* at 485, 587 A.2d 1335. The court in *Howard Savings* described the sheriff as a "a public auctioneer whose fees and charges are fixed by statute." *Id.* The court stated that it is customary for the sheriff's fees to be deducted from the gross amount bid, with the judgment creditor receiving the balance. In this regard, the court agreed with the argument of the buyer, that a sheriff, as auctioneer, "is entitled to be paid for his services by the seller, based on the proceeds of the sale." *Id.* As the court stated:

> The arrangement between seller and auctioneer is one of contract both as to the calculation fees and charges as well as manner of their payment. The auctioneer usually looks to the seller for his compensation.

*Id.* at 485, 587 A.2d 1335. It would seem then that if the sale never took place—through no fault of either the sheriff or the creditor—that the seller would nonetheless be responsible for the fees. The seller initiated the sale, causing the auctioneer to expend resources. Applied to this case it would appear that WaMu, as the initiator of the foreclosure process—the seller, using *Howard Saving's* terminology—would be obligated to pay the Sheriff's fees.

This approach is in accord with custom in New Jersey regarding foreclosure actions and sheriff's fees. According to Mr. Weinstein's survey, when asked "[i]f the owner sells the mortgaged premises before the sheriff's sale, do you seek payment of your one-half sheriff's fees under N.J.

Stat. Ann. § 22A:4–8", all 21 county Sheriffs responded yes. Most importantly, when asked "from whom do you seek payment?", 19 stated the plaintiff or plaintiff's attorney. Furthermore, 14 Sheriffs responded that they bill the plaintiff or plaintiff's attorney to collect the fees. Thus, in situations analogous to this one, it is customary for the party delivering the writ to pay for the sheriff's fees.

Also of note is *Curtis v. Hulsizer,* 5 N.J.L. 496 (Court of Judicature 1819), in which the Supreme Court of Judicature was confronted with a situation in which the constable was given a writ to execute on, but the defendant did not actually have property. The court ruled that "[t]he plaintiff in the writ ... must be answerable for those legal costs to which the officer has been subjected." *Id.* Finally, an oft-referenced source for attorneys in this state warned that "judgment creditor(s) and his or her attorney(s) must keep in mind that an officer who has made a valid levy ... and that brings about payment or settlement, is entitled to his or her statutory commissions or dollarage on the amount collected or accepted in settlement." Healy, 20 N.J.Prac. Series, § 1886.

In several reported decisions by New Jersey state courts applying N.J. Stat. Ann. § 22A:4–8, the sheriff looked to the foreclosing mortgagee for payment of the statutory commission. *BTD–1996 NPC 1 L.L.C. v. 350 Warren L.P.,* 170 N.J. 90, 94, 784 A.2d 1214, 1216 (2001) (Sheriff sent invoice to foreclosing mortgagee), *Jacoby v. Eseo,* 329 N.J.Super. 119, 746 A.2d 1069 (App.Div.2000) (Sheriff and foreclosing mortgagee dispute over forfeited deposit), *Resolution Trust Corp. v. Lanzaro,* 140 N.J. 244, 658 A.2d 282 (1995) (Sheriff sought fee from foreclosing mortgagee). The practice of sheriffs looking to the foreclosing mortgagee for payment is consistent with the principal that the party em-

ploying the sheriff bears responsibility for the sheriff's compensation. "An officer must look to the party, or his attorney who employs him, for his fees." *Zeiber v. Hill,* 30 F.Cas. 917, 918 (D.Or.1870). When the sheriff realizes money from any execution sale his fees are, generally, withheld from the proceeds of sale. However, where no money has been collected by the sheriff he must look to the party who employed him for his compensation. For these reasons, the Court holds that WaMu is responsible for payment of the one-half commissions due to the Sheriff of Ocean County pursuant to N.J. Stat. Ann. § 22A:4–8.

### III. *Sheriff's fees may be added to the foreclosure judgment*

■ WaMu disclaims any liability to the Sheriff. Its counsel asserts that as an officer of the court he included the Sheriff's commission as an additional item in the payoff statement. Counsel further asserts this is the practice of most attorneys who represent foreclosing mortgagees. According to WaMu, the sheriff relies on the attorney for the mortgagee to protect and recover his statutory claim.

Because WaMu steadfastly denies any liability to the Sheriff, it has, likewise, disclaimed that the amount of the Sheriff's commission should be added to its secured claim. In this regard, WaMu's position is consistent with the Trustee's, i.e., the secured claim does not include the amount of the Sheriff's commission. Since both parties agree on this conclusion of law, the court could leave them where they are; however, that would not yield the correct result.

This anomalous situation was caused by the unusual procedures followed in this case. The Trustee's complaint has two counts. In the Count I, the Trustee seeks a determination that WaMu's secured claim does not include the Sheriff's com-mission. In the Count II, the Trustee seeks a determination that the Sheriff is not entitled to a commission.

Before answering, the Sheriff moved to dismiss under Fed. R.Civ. P. 12(b)(6) and the Trustee cross moved for summary judgment on Count II of her complaint, i.e., that the Sheriff is not entitled to a commission because sale by the Trustee is not a "settlement". The court denied the Trustee's motion and held that the Sheriff was entitled to a commission and could bill WaMu. WaMu did not participate in these cross motions and the Sheriff had made no claim against WaMu at that time.

The Trustee then filed her motion for summary judgment on Count I of her complaint, i.e., that WaMu's secured claim does not include the Sheriff's commission. WaMu denied responsibility for the commission and, consequently, denied that its secured claim included the Sheriff's commission. WaMu cross moved for summary judgment.

The Sheriff did not file any pleadings regarding the Trustee's summary judgment motion on the Count I of the complaint. Subsequently, the Sheriff filed an answer, counterclaim and cross-claim in which he asserted that both the debtor's estate and WaMu were responsible for payment of his commission. Both the Trustee and WaMu answered the counterclaim and cross-claim respectively, denying liability to the Sheriff. Since WaMu's cross motion for summary judgment was filed before the Sheriff asserted a cross-claim against WaMu, WaMu has not advocated an alternative position in light of the possibility that it might have liability to the Sheriff. Rather than request further briefing, the court is sufficiently appraised of the positions of the parties in the various cross motions. The parties have made a considerable effort and, no doubt, incurred substantial legal fees disputing

$14,422.44 in sheriff's commissions; therefore, the court will not burden them further by requiring the sheriff to move for summary judgment on his counterclaim and cross-claim or calling for supplemental briefs. The issue is how much must the Trustee pay to satisfy the foreclosure judgment? Stated otherwise, does the amount necessary to satisfy the foreclosure judgment include the sheriff's commission under N.J. Stat. Ann. § 22A:4–8?

Just as the statute fails to identify the party responsible for payment of the sheriff's fee, so too the statute does not specify that the sheriff's commissions should be added to the amount of the foreclosure judgment. No reported New Jersey state court decision has been cited to the court nor uncovered in the court's own research that deals precisely with the issue of including sheriff's commissions in the amount to satisfy the foreclosure judgment before sheriff's sale.[7] A leading author on mortgage foreclosure in New Jersey states that the sheriff's commissions should be added to the judgment amount to redeem a property before sheriff's sale. Myron C. Weinstein, 30 N.J. Prac. Series, Law of Mortgages, § 20.7 (2d ed.2000).

In the analogous context of redemption *after* sheriff's sale, several decisions have held that the price to redeem includes the costs of sale.

> Since the decision in *Hardyston Nat. Bank v. Tartamella*, 56 N.J. 508, 267 A.2d 495 (1970), it has been settled in this State that an owner-mortgagee has a right to redeem the mortgaged property following foreclosure and sale thereunder, by payment in full of the mortgage indebtedness, costs of foreclosure and costs of sale.

*Lobsenz v. Micucci Holdings, Inc.*, 127 N.J.Super. 50, 51, 316 A.2d 59 (App.Div. 1974); *Heritage Bank, N.A. v. Magnefax Corp.*, 194 N.J.Super. 376, 476 A.2d 1271 (Chan.Div.1984); *Ghee v. Davenport*, 2 N.J.Super. 532, 533, 64 A.2d 902, 903 (Chan.Div.1949), *aff'd* 4 N.J.Super. 518, 68 A.2d 284 (App.Div.1949) (mortgagor entitled to redeem "by payment of the amount of the final judgment with interest, costs and sheriff's fees after a sale has been made under a foreclosure judgment.") Similarly, this court holds that the amount to satisfy a foreclosure judgment before sheriff's sale but after a writ of execution has been delivered to the sheriff includes the sheriff's commission upon settlement under N.J. Stat. Ann. § 22A:4–8.

### 506(b)

Finally, the Trustee contends that Section 506(b) does not authorize WaMu's recovery of the Sheriff's fees as part of its secured claim. 11 U.S.C. § 506(b) reads:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The Trustee argues that once a judgment of foreclosure has been entered the mortgage merges into the judgment leaving no agreement upon which to add costs of the Sheriff. WaMu does not dispute the affect of the doctrine of merger, but argues instead that the Sheriff's commission is a statutory lien, and as such is not part of

---

**7.** The one case where the foreclosure judgment was satisfied from the proceeds of sale to a third party prior to sheriff's sale dealt with the amount of attorney's fees, not the sheriff's commission. *Coastal State Bank v. Colonial Wood Products, Inc.*, 172 N.J.Super. 320, 411 A.2d 1172 (App.Div.1980).

WaMu's secured claim. While the court agrees with Trustee that Section 506(b) is inapplicable to this case and that the doctrine of merger applies, the court disagrees as to the affect of that doctrine to the facts of this case.

In New Jersey, when a foreclosure judgment is obtained, the underlying mortgage contract merges into the judgment and is extinguished. *In re Roach,* 824 F.2d 1370, 1377 (3d Cir.1987). Section 506(b) provides an oversecured creditor with interest and "any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C. § 506(b). The court agrees that the merger doctrine terminated Debtor's mortgage when WaMu obtained its foreclosure judgment and that Sheriff's fees may not be added onto WaMu's secured claim via Section 506(b).

However, the basis for adding the Sheriff's commission to WaMu's secured claim is not based upon the mortgage, but rather on the costs of foreclosure. This conclusion is not logically inconsistent with Section 506(b) and the doctrine of merger. Once WaMu obtained its foreclosure judgment, Section 506(b) became inapplicable since no agreement survived the judgment.

The right of redemption in New Jersey is an equitable remedy adopted by the New Jersey Supreme Court. *Hardyston Nat. Bank v. Tartamella,* 56 N.J. 508, 511, 267 A.2d 495, 496 (1970); *Lobsenz v. Micucci Holdings, Inc.,* 127 N.J.Super. 50, 51–52, 316 A.2d 59, 60 (App.Div.1974). Although the judgment of foreclosure expressly bars the equity of redemption, the state courts permit redemption through, at least, 10 days after the sheriff's sale. *Id. Ghee v. Davenport,* 2 N.J.Super. 532, 64 A.2d 902 (Chan.Div.1949). In permitting the owner/mortgagor this right to redeem in order to avoid a forfeiture, a court of equity should require that the cost of enforcing the judgment by employing the sheriff be included in the amount necessary to satisfy the judgment.

The Trustee's reliance on *In re Stendardo,* 991 F.2d 1089 (3d Cir.1993) is misplaced. First, *Stendardo* dealt with Pennsylvania law. Second, *Stendardo* focused on post-petition, post-merger payments of insurance and tax fees under the merger doctrine, not sheriff's foreclosure fees. *Id.* at 1095–1096. Other cases relied upon by Trustee may be easily distinguished. *In re Schlecht,* 36 B.R. 236 (Bankr.D.Alaska 1983)(attorney's fees); *In re McKillips,* 81 B.R. 454 (Bankr.N.D.Ill.1987)(attorney's fees and realty taxes); *In re Dukes,* 1997 WL 860676 (Bankr.E.D.Pa. Nov. 7, 1997)(real estate taxes, homeowner's insurance, and FHA premiums); *In re Gibson,* 249 B.R. 645 (Bankr.E.D.Pa.2000)(state judgment rate of interest applies because of merger doctrine, as opposed to contract rate of interest). For these reasons, Section 506(b) is irrelevant to the legal analysis of this case, and the Sheriff's fees are included in the amount necessary to satisfy the foreclosure judgment.

## CONCLUSION[8]

Where a writ of execution has been delivered to a sheriff by the foreclosing mortgagee, but the sheriff's sale has been stayed by the bankruptcy petition of the mortgagor, the sheriff is entitled to a commission upon satisfaction of the foreclosure judgment from the proceeds of a sale by the chapter 7 trustee. The foreclosing mortgagee is liable for the sheriff's com-

8. Where there is no binding precedent from the New Jersey Supreme Court nor persuasive decisions of other state courts, this court's determinations of state law issues constitute predictions of how the New Jersey Supreme Court would rule. *Nationwide Mutual Ins. Co. v. Buffetta,* 230 F.3d 634 (3d Cir.2000).

mission and the amount necessary to satisfy the foreclosure judgment may be increased by the sheriff's fees.

Judgment will be entered declaring that the amount necessary to satisfy WaMu's foreclosure judgment may be increased by the amount of the Sheriff's commission, $14,422.44. An order may be entered directing the escrow agent to remit the same amount to the Sheriff. If it has not already done so, WaMu will satisfy its mortgage and judgment in the county and state records.