# AMERICANANGLIAN ENVIRONMENTAL TECHNOLOGIES, L.P.

v.

## Christopher DOHERTY, et al.

### Civil Action No. 06–3362.

United States District Court,
E.D. Pennsylvania.

Nov. 14, 2006.

---

Jeffrey A. Lutsky, Stadley Ronon Stevens & Young LLP, Philadelphia, PA, for Americananglian Environmental Technologies, L.P.

Frank J. Tunis, Jr., Wright & Reihner PC, Scranton, PA, for Defendants.

*MEMORANDUM*

BARTLE, Chief Judge.

Plaintiff AmericanAnglian Environmental Technologies, L.P. has instituted this action in mandamus to enforce two judgments, totaling $6,628,207, plus prejudgment interest, previously entered by this court in a separate action against the City of Scranton and the Borough of Dunmore, both in Lackawanna County, Pennsylvania. *AmericanAnglian Envtl. Techs., L.P. v. The City of Scranton, et al.,* Civil Action No. 05–6000. Defendants in this pending action are the Council for the City of Scranton, the Council for the Borough of Dunmore, and certain individuals acting in their capacities as officials, executives, and administrators of the City of Scranton and the Borough of Dunmore.[1] The court has subject matter jurisdiction because of diversity of citizenship pursuant to 28 U.S.C. § 1332. Before the court is the motion of defendants to dismiss for improper venue, presumably under 28 U.S.C. § 1406.

The relationship between these parties began in March of 1999 when plaintiff entered into a Professional Services Agreement with the City of Scranton and the Borough of Dunmore for the management, operation and maintenance of the Scranton Sewer Authority. At the end of the five (5) year contract, a dispute arose over whether plaintiff was entitled to a $6.6 million termination fee under the agreement. As required by the agreement, the parties submitted the dispute to binding arbitration and did so before former United States District Judge Donald

E. Zeigler.[2] The arbitration hearing was held in Philadelphia, within the Eastern District of Pennsylvania. On November 12, 2005, the arbitrator entered an award in favor of the plaintiff. Three days later, on November 15, 2006, plaintiff filed in this court a Petition to Confirm Arbitration Award. Venue for that action was proper in the Eastern District of Pennsylvania under the Federal Arbitration Act. The Act provides that, where the parties have not otherwise provided, any party to the arbitration may request confirmation of the award in "the United States court in and for the district within which the award was made." 9 U.S.C. § 9. While the City of Scranton and Borough of Dunmore moved for a change of venue to the Middle District of Pennsylvania, we denied the motion. On May 4, 2006, we confirmed the award and entered judgment against the City of Scranton in the amount of $5,515,073 and against the Borough of Dunmore in the amount of $1,113,134, plus prejudgment interest on both awards. No appeal followed.

█ In support of their motion to dismiss this action for improper venue, defendants rely on Rule 69 of the Federal Rules of Civil Procedure. They argue that under this Rule Pennsylvania practice and procedure apply to the enforcement of and execution on the judgment entered against the City of Scranton and the Borough of Dunmore. Under Pennsylvania law, an action in mandamus against a political subdivision or an officer thereof may only be brought in the county were the political subdivision is located. *See* Pa. R. Civ. P. 1092(c)(2).

---

[1]. The individuals named and their titles are as follows: For the City of Scranton: Christopher Doherty (Mayor), Kay Garvey (Clerk), Kathy Ruane (Treasurer), Roseann Novembrino (Controller). For the Borough of Dunmore: Patrick Loughney (Mayor), Thomas Hennigan (Council President), Andrew Genovese (Controller), Denise Muraca (Treasurer), and Joseph Loftus (Manager and Secretary).

[2]. The Honorable Donald E. Zeigler is the retired Chief Judge of the United States District Court for the Western District of Pennsylvania.

Defendants' limited quotation from Rule 69 fails to include the key clause for purposes of determining whether federal or state law applies. The Rule in its complete form reads:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, *except that any statute of the United States governs to the extent that it is applicable.*

Fed.R.Civ.P. 69(a) (emphasis added). The federal venue statute, 28 U.S.C. § 1391, is applicable to the case at hand. After *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts sitting in diversity are to apply state substantive law, including state statutes. However, "[b]ecause questions of venue ... are essentially procedural, rather than substantive in nature, federal law applies in diversity cases" in federal court. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d Cir.1995).

Under § 1391, when, as here, jurisdiction is founded solely on diversity of citizenship, venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same state;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Subsection (1) is inapplicable because defendants do not reside in the Eastern District. Likewise, venue cannot be predicated on subsection (3), as plaintiff concedes that the action could also have been brought in the Middle District of Pennsylvania. We turn to subsection (2) and must determine whether a substantial part of the events or omissions giving rise to this claim took place in the Eastern District.

 Defendants assert that even if the federal venue statute applies, the events and omissions giving rise to the claims at issue here occurred in the Middle District of Pennsylvania, rather than the Eastern District of Pennsylvania. They characterize this as a breach of contract case and posit that the proper venue for failure to remit payment in such a case is at the site of the payor. Although the gravamen of the initial action sounded in breach of contract, the instant action is one in mandamus, seeking to force defendant city and borough officials to satisfy the May 4, 2006 judgments. Thus, the central focus for purposes of determining proper venue is the entry of the May 4, 2006 judgments, which took place in the Eastern District of Pennsylvania. Under the doctrine of merger, when judgment is entered, the cause of action on which the adjudication was predicated merges into the judgment and extinguishes the original cause of action. "Under the merger doctrine, a contract is deemed to merge with the judgment, thereby depriving a plaintiff from being able to assert claims based on the terms and provisions of the contractual instrument." *In re A & P Diversified Technologies Realty, Inc.,* 467 F.3d 337, 2006 WL 133492, *3 (3d Cir.2006), *see also* Restatement (Second) of Judgments § 16 cmt. a (1982); *Water West, Inc. v. Entek Corp.,* 788 F.2d 627 (9th Cir.1986).

It would be anomalous indeed for a court to be able to enter a judgment but not be able to enforce it because of improper venue. The City of Scranton and Borough of Dunmore, the defendants in plaintiff's earlier action seeking confirmation of the arbitration award, never contested that proper venue existed in this court. They recognized that the Federal Arbitration Act specifically authorized venue in this District and simply sought a change of venue on convenience grounds. The suggestion of defendants in this action who are city and borough officials that the court now lacks authority because of improper venue to compel them to satisfy the judgments in issue is inconsistent with a court's inherent power to act to enforce its own judgments. Accordingly, the court will not dismiss the action for improper venue under 28 U.S.C. § 1406(a).

■ Venue, of course, may be proper in more than one location. In the instant matter, both the Eastern and Middle Districts of Pennsylvania are available fora. While defendants here have only sought dismissal, a court may transfer an action on its own motion when the criteria under 28 U.S.C. § 1404(a) are met. *See Ferens v. John Deere Co.*, 494 U.S. 516, 530, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990); *Jumara*, 55 F.3d at 877, n. 3; *Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325, 1338–39 (D.Mass.1975).[3] Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ In addition to the convenience of parties and witnesses and the interest of justice, our Court of Appeals has directed us to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citation omitted). These factors include private interests such as the plaintiff's forum preference, the defendants' preference, and the convenience of the parties as indicated by their relative physical and financial condition. *Id.* The court should also take into account public interests such as practical considerations that would make the proceeding "easy, expeditious, or inexpensive," court congestion, and the "local interest in deciding local controversies at home." *Id.*

■ Here, both public and private interests tip the balance in favor of a transfer to the Middle District of Pennsylvania. Although the preference of the plaintiff, a large corporation, to proceed in the Eastern District should not be lightly disregarded, that consideration is outweighed by the fact that defendants are officials charged with governing two municipalities in the Middle District. It would not only be significantly more convenient for them to face this action there, but it would also be less intrusive on their important public responsibilities.

Plaintiff seeks to collect more than $6 million due. Ultimately, the recovery must come from the assets of the City of Scranton and the Borough of Dunmore situated in the Middle District. A judge in that District is likely to be much more familiar than a judge in this District with the property, operations and circumstances of these two municipal bodies.

---

**3.** A court may decide to transfer an action sua sponte under § 1404(a) but, of course, should not do so without supporting evidence. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756–57 (3d Cir.1973). The parties did not explicitly address the question of transfer under § 1404 in their current briefs, although the issue was addressed in the previous litigation. We believe that we have sufficient information to raise and decide the question.

The outcome of this action could also vitally affect their residents. Due to the particularly local nature of and interest in this matter, it is especially fitting for a judge in the Middle District of Pennsylvania to oversee the enforcement of the judgments at issue, rather than a judge some 120 miles away in another district and in another part of the Commonwealth.[4] At this stage of the dispute, the "local interest in deciding local controversies at home" is paramount. *Jumara*, 55 F.3d at 879.

Accordingly, we will transfer this action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).[5]

### ORDER

AND NOW, this 14th day of November, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendants to dismiss for improper venue is DENIED; and

(2) the action is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

---

4. Defendants contend that this action must be brought in the Middle District of Pennsylvania under the theory that actions against municipal corporations are, by their very nature, local actions, which must be brought where the municipal corporation is situated. In light of our decision, we need not reach the question of whether transfer is mandatory.

5. Also pending before the court is plaintiff's motion for peremptory judgment. Because the court will transfer this action to the Middle District of Pennsylvania, we will defer any ruling on this motion.