**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1247
_____

CARLOS and CAROL MARTINO, Individually and as a class
representative on behalf of those similarly situated,
Appellants

v.

EVERHOME MORTGAGE; COOPER, PERSKIE, LEVENSON,
APRIL, NIEDELMAN & WAGENHEIM, P.A.


_____


Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-09-cv-00011)
District Judge:  Honorable Joseph E. Irenas
_____


Submitted Under Third Circuit LAR 34.1(a)
November 18, 2010
Before:      BARRY, CHAGARES and VANASKIE, <u>Circuit Judges</u>

(Filed: December 23, 2010)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

Carlos and Carol Martino sued EverHome Mortgage ("EverHome") and its law firm, Cooper, Perskie, Levenson, April, Niedelman & Wagenheim, P.A. ("Cooper"), alleging that the Defendants unlawfully charged and collected various fees and costs. The District Court granted EverHome's and Cooper's motions to dismiss for failure to state a claim, and it subsequently denied the Martinos' motion to file an amended complaint. The Martinos appeal the denial of their motion to amend. For the reasons that follow, we will affirm the judgment of the District Court.

I.

In August of 1996, EverHome[1] commenced foreclosure proceedings after the Martinos defaulted on their mortgage. The Martinos then filed a Chapter 13 bankruptcy petition in May of 1997. That bankruptcy case was dismissed in October of 1997. The Martinos filed for Chapter 13 bankruptcy again in March of 1998, and their plan was confirmed in May of 1999. The bankruptcy court dismissed that case in December of 2000.

EverHome obtained a final judgment of foreclosure against the Martinos in June of 2001. The judgment awarded EverHome "the sum of $32,789.13 with interest at the contract rate of 15.50 percent on $30,217.91, being the principal sum in default (including advances, if any) from April 1, 2001 to 6/26/01, and lawful interest thereafter on the total sum due [EverHome] together with costs of this suit to be taxed, including a

---

[1] Prior to 2004, EverHome went by the name of "Alliance Mortgage Company." For the sake of clarity, we will refer to the Martinos' mortgage lender as "EverHome" throughout.

2

counsel fee of $477.89." (A. 227.) The judgment of foreclosure also authorized the sale of the Martinos' property "to raise and satisfy the several sums of money due in the first place to [EverHome] in the sum of $32,789.13 together with contract interest and lawful interest thereon as aforesaid, with [EverHome's] costs to be taxed, with lawful interest thereon." (Id.) About two months after the entry of the judgment of foreclosure, the Martinos filed a third Chapter 13 petition. A plan was confirmed in August of 2002. In May of 2004, however, the bankruptcy court dismissed the Martinos' 2001 bankruptcy case because they failed to make required payments to the bankruptcy trustee.

In December of 2004, Cooper, responding to the Martinos' request, indicated that the amount required to satisfy the mortgage totaled $46,678.27, consisting of the mortgage payoff balance, accrued interest, Sheriff's commission and costs, attorneys' fees, and other costs of suit. In January of 2005, Plaintiffs received a revised payoff amount of $34,471.95, consisting of $31,044.63 to EverHome and $3,427.32 to Cooper. On or about January 25, 2005, the Martinos paid the sum of $34,471.95 in satisfaction of their indebtedness to EverHome.

The Martinos filed a putative class action suit against EverHome and Cooper in January of 2009. The Martinos proposed a class consisting of people who had defaulted on mortgages serviced by EverHome and were overcharged attorneys' fees and other costs. The complaint asserted ten claims, all stemming from alleged overcharges by the Defendants. To support their claims, the Martinos pointed to discrepancies between amounts listed on three documents: (1) the 2001 foreclosure judgment, (2) the 2004 payoff statement prepared by Cooper, and (3) a Gloucester County Sheriff's Office

3

Statement of Sale listing other charges that differed from the amounts on the 2004 payoff statement. The complaint, however, neglected to identify any of the Martinos' bankruptcy cases, and it omitted several years' worth of dealings between the Martinos and EverHome.

Cooper and EverHome moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding the motion, the District Court went to great lengths to piece together the factual background of the case and ultimately concluded that the complaint failed to state a claim upon which relief could be granted. After summarizing the alleged overcharges, the Court determined that Plaintiffs simply pled discrepancies between documents from different sources, and that "[t]he mere fact of a discrepancy is insufficient to support an inference of unlawful conduct by Defendants." Martino v. Everhome Mortg., 639 F. Supp. 2d 484, 493 (D.N.J. 2009). Accordingly, the District Court granted the motions to dismiss. The Court did, however, grant the Martinos leave to file a motion to amend their complaint. Id. at 497.

The Martinos then moved to file an amended class-action complaint. The proposed amended complaint dropped Cooper as a named defendant and contained only three counts against EverHome: breach of contract, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq., and violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et seq. Like the original complaint, the amended complaint relied on the premise that the Martinos had been overcharged various fees and costs. The amended complaint stated that the Martinos paid $64,232.46, which represented the sum of the $34,471.95 sought in the

revised payoff statement from January of 2005, plus $14,376.32 toward the foreclosure judgment and mortgage, and $15,384.19 in payments to the Chapter 13 bankruptcy trustee between 2001 and 2004. The amended complaint further stated that the Martinos should have had to pay only $42,460.66, which represented their calculation of the foreclosure judgment, plus interest, taxes, and sheriff's fees and commission.

The amended complaint, however, suffered from the same deficiencies as the original complaint: it glossed over important dates, and it assumed wrongdoing by referencing different dollar amounts on unrelated documents. The District Court observed that

> Plaintiffs' entire theory of liability is based on the premise that after three separate bankruptcy cases spanning more than six years, Plaintiffs were only legally obligated to pay the amount of the foreclosure judgment plus sheriffs' fees and commission. Such a premise cannot possibly be true. The foreclosure judgment represents only the amount of the mortgage in arrears at the time the judgment was entered in 2001 (and, as the judgment indicates, interest that runs on the judgment thereafter). Plaintiffs' payments in bankruptcy throughout 2001, 2002, 2003, and 2004, however, were not just payments to cure arrearages but also payments to bring their mortgage current. Thus, one would fully expect Plaintiffs to pay more than the amount of the foreclosure judgment (plus sheriffs fees and commission) in bankruptcy. Therefore, the facts pled do not support an inference of wrongdoing.

Martino v. Everhome Mortg., Civil Action No. 09-011, 2009 U.S. Dist. LEXIS 118540, at *6-7 (D.N.J. Dec. 21, 2009) (footnote omitted). The District Court concluded that the proposed amendment was futile because the amended complaint failed to state a claim upon which relief could be granted. Id. at *7-8. Accordingly, the Court denied the Martinos' request to amend their complaint, and it dismissed the case with prejudice. The Martinos now appeal the District Court's order denying their motion to amend.

5

II.

The District Court had jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's denial of the Martinos' motion to file an amended complaint for abuse of discretion. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). A court may deny a request to amend a complaint if the amendment is futile, i.e. the proposed amended complaint fails to state a claim upon which relief can be granted. See id. Accordingly, when faced with a request to amend a complaint, a district court undertakes the same analysis of legal sufficiency that it would under Federal Rule of Civil Procedure 12(b)(6). See Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 243 (3d Cir. 2010). The court abuses its discretion if an erroneous view of the law underlies its determination that amendment is futile. See id.

Substantially for the reasons set forth in the District Court's opinion, we agree that the proposed amended complaint fails to state a claim upon which relief can be granted. All of the Martinos' claims rely on the notion that they should not have had to pay anything more than the foreclosure judgment, plus interest and some small additional costs. The Martinos' theory of the case overlooks the fact that they were involved in several years' worth of bankruptcy proceedings involving EverHome and Cooper. As the District Court observed, one would expect the bankruptcy proceedings to give rise to an obligation to make payments exceeding the amount of the foreclosure judgment plus Sheriff's fees. Therefore, we agree with the District Court that the amended complaint

6

does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The District Court did not abuse its discretion in denying the Martinos' motion to file an amended complaint.

Much like the Martinos' arguments before the District Court, their arguments on appeal rely on disparities between cherry-picked numbers from disparate documents. For example, the Martinos assert that they were overcharged $450 for "sheriff's sale costs and commissions." (Appellants' Br. at 24.) This alleged overcharge appears to derive from an undated Cooper document entitled "Breakdown of Fees and Costs." (A. 245.) A handwritten note on the document says, "Cost Advance 450.00." (Id.) By contrast, the Gloucester County Sheriff's Office Statement of Sale lists a total of $1,170.91 in sheriff's fees and commission, but this amount does not include a cost advance of $450.00. The Martinos argue that this discrepancy supports their claim that they were overcharged. We agree with the District Court that the mere existence of such discrepancies between disparate documents does not support an inference that EverHome violated the law.

We write further to address the Martinos' argument that our holding in In re A & P Diversified Technologies Realty, Inc., 467 F.3d 337 (3d Cir. 2006), compels us to reverse the judgment of the District Court. In A & P Diversified, the mortgage at issue required the debtor to pay the lender reasonable attorneys' fees in the event of default. Id. at 339. The debtor defaulted, and the lender commenced foreclosure proceedings. Id. The debtor then filed for bankruptcy, which stayed the foreclosure. Id. The lender, however, obtained relief from the stay, and secured a final judgment of foreclosure while the

7

bankruptcy case was still pending.  Id.  The lender fully collected the foreclosure judgment, which included some attorneys' fees, in state court proceedings.  Id. at 340. We determined that the lender could not subsequently obtain additional attorneys' fees by filing a claim in bankruptcy court because the mortgage merged into the foreclosure judgment.  Id. at 343.  Therefore, the mortgage documents' allowance of attorneys' fees no longer governed, and the lender was limited to fees permitted under New Jersey Court Rule 4:42-9.  Id. at 344.

The Martinos' reliance on A & P Diversified is misplaced.  We did not hold, as the Martinos suggest, that New Jersey Court Rule 4:42-9 limits all fees a lender may recover while any foreclosure is pending.  Here, unlike in A & P Diversified, the bankruptcy proceedings were commenced after the final judgment of foreclosure but before the judgment was satisfied.  As a result of the bankruptcy, one would expect EverHome and Cooper to incur expenses that were not included in the foreclosure judgment.  A & P Diversified does not limit the amount of fees EverHome and Cooper can recover in these circumstances.

III.

Because we agree that the proposed amended complaint fails to state a claim upon which relief can be granted, we will affirm the judgment of the District Court.

8